BALONICK LAW OFFICE, INC.

Barney Balonick (SBN#277776)
10100 Santa Monica Blvd #1700
Los Angeles, CA 90067
310.703.1755
310.703.1799 (facsimile)
bhb@balonicklaw.com

Attorneys for Plaintiff
DARIO KACHEL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIO KACHEL, an individual, | Case No.: 2:20-cv-03154 |
|    Plaintiff, | |
| vs. | Hon. George W. Wu<br>Dept. 9D |
| MICHAEL POUTRE, an individual;<br>RYAN FABIAN, an individual; and<br>DOES 1 through 50, inclusive | Date Action filed:  April 8, 2020<br>Trial Date:  N/A |
|    Defendants | FIRST AMENDED COMPLAINT FOR<br>BREACH OF CONTRACT |

Plaintiff DARIO KACHEL, ("Dario" and/or "Plaintiff"), by and through his attorneys, based on its own experience and investigation and the independent investigation of counsel and information and belief, alleges against Defendant MICHAEL POUTRE ("Poutre") ("Defendant") as follows:

### NATURE OF THE ACTION

1.      "…You can rely on and trust us…" These were the words of the agreement, the contract, or the promise that if the Plaintiff provided a short-term loan, the Defendant would agree to repay it. The Defendant needed a $95,000.00 loan (the "Loan") from his former friend, Dario.

2.      The Plaintiff performed, but the Defendant did not. The Plaintiff made repeated requests from the Defendant and the Defendant promised repeatedly that he would repay the Loan. The Defendant broke these promises as well.

3.      The bait and switch was simple: Poutre knew Dario through other cryptocurrency deals and Dario considered the Defendant as a friend. For the first "loan" the Defendant asked Dario for a small loan in bitcoin and quickly paid it back, giving Dario an assurance (an intentionally false assurance) that he would be good for another loan transaction if one ever arose. Dario did as any friend would: he relied on his friend's intentionally false assurances that he would pay him back. It was exactly like this: on or about January 23, 2020, Poutre said "…Have a small proposition for you…we have one more BTC [bitcoin] trade we need to do and

we're hoping you could help us out again. We have a small transaction that we need US $95k of BTC for…I'll send you $100k in BTC next week…it is for a very important client and will lead to some big deals across the board for us…" "Thanks again partner…we have a lot of business to do…" The Defendant' plan was to trick Dario into sending the bitcoin knowing full well that once it is sent, it cannot be pulled back – the only way to recover this amount is to have the bitcoins sent back to a "wallet" with a specific electronic address.  And, the pressure the Defendant applied to get Dario to send the money was telling: until Dario sent the bitcoins, the Defendant sent or had his friend send more than seven (7) messages pressuring Dario to send the funds. Of course, once this was done, the Defendant refused to repay the bitcoin. "I'm not feeling well; my friend died; our deal isn't funding; don't worry, we have it covered; and of course – "…with superbowl and things happening, I want to manage expectations properly…"

3.      Indeed, once Dario agreed to fund the loan, Poutre stated that his friend Ryan Fabian would "…be in touch shortly…" to suggest the Loan would be repaid. Starting around February, 2020, Dario requested that the Defendant repay the Loan. At all times herein, the funds sent to Defendant was to be repaid within less than ten (10) business days. To induce Dario's performance and avoid being sued, the Defendant promised to pay Dario in full as soon as he finished some other financing on a different deal. Dario relied on these promises of payment, but

at all times herein, the Defendant knew that bitcoin and cryptocurrency is closely monitored. If the coins are not returned by a certain time, then it leads to very harsh tax consequences for Dario. Defendant, however, kept all of the money loaned to force Dario to take a fraction of what he is owed to avoid having to pay him back the full debt. This Court should enter a judgment against the Defendant.

## **PARTIES**

4. Plaintiff is, and at all times relevant hereto was an individual who lives and works in Munich, Germany.

5. Defendant Poutre is, upon information and belief, a resident of Los Angeles, California and lives and works in Los Angeles County.

6. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 50, inclusive. Such fictitious defendants are sued pursuant to the provision of Section 474 of the California Code of Civil Procedure.  Upon information and belief, each fictitious defendant was in some way responsible for, participated in, or contributed to the matters and things of which Plaintiff complains herein, and in some fashion has legal responsibility therefor. When the exact nature and identity of such fictitious defendants' responsibility for, participation in, and contribution to the matters and things herein alleged is ascertained by Plaintiff, Plaintiff will seek to amend this Complaint and all proceedings herein to set forth the same.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over the Defendants and venue in this jurisdiction is proper under Cal. Code Civ. Proc. § 395(a), 395.5 and 410.10 because (1) the principal place of business of Defendant is located in the City of Los Angeles and State of California at the time the fraudulent statements were made; (2) Defendant regularly transacts and conduct business in the City of Los Angeles, County of Los Angeles; (3) Defendant's conduct and acts giving rise to this action occurred and has occurred in the City of Los Angeles, County of Los Angeles; and/or (4) the Defendant should have expected to be subject to the jurisdiction of the California courts wherein he solicited the Plaintiff's money. The amount in controversy exceeds $25,000.00

## FACTUAL ALLEGATIONS

8. This is an action for breach of contract – the Defendant made knowingly false written promises that he would pay Dario back the money (bitcoins) he loaned to him. Dario relied on these false and misleading promises and provided the Loan, all at the Defendant's request. At all times herein, the Defendant knew what the Loan was for and also agreed to refund Dario the full amount of the Loan (plus a $5,000.00 fee) within less than ten (10) business days. All promises to repay Dario were intentionally false when they were made, and these same promises were made with an intent to deceive Dario.

9. At all times herein, Dario was the one who was asked to provide the Loan, he never asked Defendant if he could invest anything with anyone.

10. The Loan was supposed to be simple: At or near the end of January, 2020, the Defendant needed the bitcoin sent to their electronic wallet immediately. But, he were supposed to repay the full amount of the Loan ($95,000.00) within less than ten (10) days. As of the date of filing this Amended Complaint, the Defendant has not repaid the full amount of the Loan.[1]

11. The total owed by the Defendant for his conduct is more than $250,000.00.00. Dario would never have agreed to this kind of transaction due to the financial constraints of transferring bitcoins to electronic wallets. Federal regulatory agencies watch and monitor these financial transfers and if coins are transferred but not put back, it causes a massive tax consequence (which Dario now must address), among other damages to be proven at trial.

12. The false promises (which were intentionally false when made and meant to deceive Dario when the Defendant made his promises to repay the Loan) started around January, 2020 and the Defendant kept up his promises of payment through March, 2020.[2]

_____

[1] The Parties entered into a Settlement Agreement. This Amended Complaint for Breach of Contract was filed to replace the original Fraud Complaint as one of the terms of the Settlement.
[2] Plaintiff has a complete e-file record of the Defendants' fraudulent promises of payment and will be tendered in discovery.

13. Beginning on or about February, 2020, Defendant Poutre made the knowingly false promises of payment:

"…And if you want, we will send back the exact amount… and send you $5k however you want…"

"…we have a lot of business to do…Also, let me know if you want any PR…we have the best PR firm in the world for Crypto/blockchain…"

"This helps us lock in great terms for a deal we are executing…I don't suppose there is any way to get that transfer done today…?

"Dario, this will be done imminently [referring to Dario's request to be paid back] on January 1, 2020 – I've been in bed most of the week with flu and high fever…"

At the end of January, 2020, after Dario requested payment because the deadline to be repaid (which the Defendants agreed to in writing) passed, Poutre sent another knowingly false and deceptive promise of payment and stated "…please don't worry, we have it covered…of course will send you some extra love for and heartburn you have on this. We got it covered. We will plan to send the exact amount back to you that you sent to us…"

"You should have all your BTC (bitcoin) back by this weekend, ***_and Ryan and I promise_*** an extra 'thank you' for your troubles." (Emphasis Added) This knowingly false promises was sent at the end of February, 2020 from Poutre to Dario.

14. Plainly stated, the above-listed promises (starting at or near January, 2020 through March, 2020, the Defendant made numerous false promises to pay Dario back his money did so to prevent Dario from suing him. Upon information and

belief, the Defendant kept the funds in an account owned by his company

Terraform Capital, LLC, to dupe other investors into thinking that the company has

a larger balance sheet.

15. Dario will seek a judgment against the Defendant for an amount of no less than

$250,000.00.00.

16. Moreover, the Defendant held himself out as an expert in matters related to

Cryptocurrency, which obviously he is not an expert at all.

<u>**COUNT I – BREACH OF CONTRACT**</u>

**Against Defendant MICHAEL POUTRE and DOES 1-10**

17. Plaintiff incorporates by this reference each and all of the allegations contained

in paragraphs 1 through 16 hereof, as if fully set forth herein.

18. In or about January 2020, the Defendant and the Plaintiff entered into a

contract where the Plaintiff agreed to a short-term loan of $95,000 worth of

bitcoin, and the Defendant agreed to repay it in short order and also agreed to a

small increase.

19. The Defendant represented to Dario that he would be paid back in about one

week after the Loan was funded. This was a false statement. Upon information and

belief, the Defendant never intended to pay back Dario, or he would have done so

by now.

20. As the evidence will show, the Defendant did submit the Statements to Dario in writing.

21. From January, 2020, the Defendant knew that he never intended to pay back Dario. Even though Dario requested to be repaid, in writing, at least five (5) different times. With each request for repayment, the Defendant falsely assured Dario that he would be repaid.

22. At all relevant times herein, the Defendant always represented that he was the only party liable to repay the Loan.

23. The Defendant's misrepresentations that he would pay Dario back were material. Had Dario known that the Defendantswould not pay back the Loan, he never would have made the Loan in the first place.

24. The terms of the contract were clear: the Defendant needed the Loan so the offer was that if Dario provided the Loan, it would be paid back in less than one week with an additional $5,000.00 paid to him. Dario accepted this offer, because the consideration was a fast repayment by the Defendant personally coupled to an additional $5,000.00 paid to Dario. The Defendant breached this Contract and never paid anything.[3]

---

[3] The Parties, as part of a settlement, have agreed that the Defendant would repay the Loan (at a much larger sum) and at the time of the filing of this Amended Complaint, at least one payment by the Defendant has been made and this payment is to be credited to the overall debt owed by the Defendant.

25. The Defendant breached his promise to repay the Loan and all other additional fees used to induce Dario to make the Loan. Dario's reliance on the Defendants' promises of payment were justified. The Defendants' promises to pay are in writing.

26. As a direct, foreseeable and proximate cause of Poutre's breach of the Contract to repay the Loan and all other funds, the Plaintiff has suffered damages in an amount of no less than $250,000.00, plus interest. Additionally, as a result of the breach by Poutre, the Plaintiff incurred legal fees and costs. The Plaintiff reserves the right to amend this Complaint to state the true nature and extent of the breach of contract terms and damages which will be ascertained at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DARIO KACHEL, prays for judgment as follows:

### PURSUANT TO COUNT I – BREACH OF CONTRACT AGAINST

### MICHAEL POUTRE

### AND DOES 1 THROUGH 10, INCLUSIVE

1. Defendant, his officers, agents, servants, representatives, employees, attorneys, parents, subsidiaries, related companies, partners, successors, predecessors, assigns, distributors, and all persons acting for, with, by, through or under them,

and each of them, required to pay actual damages in amounts no less than $250,000.00.

2. Defendant be required to pay actual damages increased to the maximum extent permitted by law and/or statutory damages at Plaintiffs' election;

3. Defendant be required to pay for punitive damages (if this Amended Complaint is amended again to add a count of intentional misconduct) of at least $250,000.00, and for all other permissible fees of recovery.

4. For such other and further relief as is just and proper.

DATED:  April 21, 2021          By:   /s/ Barney Balonick

                                    BALONICK LAW OFFICE, INC.
                                    Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 21, 2021, the foregoing First Amended Complaint was filed electronically utilizing the Court's CM/ECF filing system. Notice of this filing will be sent by operation of this Court's electronic filing system to all parties' counsel of record indicated on the filing receipt. Parties may access this filing through the Court's system.

By: /s/ Barney Balonick

BALONICK LAW OFFICE, INC.
Attorneys for Plaintiff
DARIO KACHEL